# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

EDWIN JON CRIDGE                                                    PETITIONER


v.                              NO. 5:14-cv-00247 BSM/HDY


RAY HOBBS, Director of the                                        RESPONDENT
Arkansas Department of Correction


### FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


        The following findings and recommendation have been sent to United States

District Judge Brian S. Miller. Any party may serve and file written objections to these

findings and recommendation. Objections should be specific and should include the

factual or legal basis for the objection. If the objection is to a factual finding,

specifically identify that finding and the evidence that supports your objection. An

original and one copy of your objections must be received in the Office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendation. The copy will be furnished to the opposing party. Failure to file

timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

In May of 2010, petitioner Edwin Jon Cridge ("Cridge") pleaded guilty in case number CR-2009-442 and was sentenced as an habitual offender to 240 months in the custody of respondent Ray Hobbs, the Director of the Arkansas Department of Correction ("ADC"). In December of 2010, Cridge received an ADC Time Computation Card ("time card") that outlined the manner in which the ADC was administering his sentence. It reflected, inter alia, that the "seventy percent rule" of Ark. Code Ann. 16-93-611 was being applied to his sentence, that is, he would be required to serve seventy percent of his 240 month sentence before being eligible for parole/transfer.[1] In August of 2011, Cridge was given another time card, a copy of which is in the record. See Document 2, Addendum 13. This time card also reflected, inter alia, that the "seventy percent rule" of Ark. Code Ann. 16-93-611 was being applied to his sentence.

In June of 2014, Cridge commenced this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he raised three claims challenging the ADC's application of the "seventy percent rule" to his sentence in CR-2009-442.

Hobbs responded to Cridge's petition by filing the pending motion to dismiss. See Document 7. In the motion, Hobbs maintained that the petition should be dismissed because it is barred by limitations.

---

[1]

The record does not contain a copy of the time card given to Cridge in December of 2010, but he acknowledged in his response to Hobbs' motion to dismiss that he received a time card "on or about December 8, 2010, just like the ones he has received thereafter." See Document 10 at 4.

Cridge filed a response to Hobbs' motion and maintained that the petition was not barred by limitations. It was Cridge's position that he filed his petition within one year of the judgment in CR-2009-442 becoming final. He maintained that in April of 2013, he filed a state trial court petition for declaratory judgment and writ of mandamus challenging the ADC's application of the "seventy percent rule" to his sentence. The state trial court dismissed his petition/writ, and he appealed. The Arkansas Supreme Court dismissed his appeal in April of 2014, and he maintained that it was only then that his conviction became final. With respect to the limitations question, Cridge advanced an alternative assertion. He maintained that the time cards did not properly apprise him of the statutes being used to administer his sentence, and a reasonable person would not have known that the "seventy percent rule" was being applied to the sentence.

A state prisoner has one year during which he must file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that year, it is forever barred. 28 U.S.C. 2244(d) identifies the events or dates that trigger the commencement of the one year period, only two of which are possibly applicable in this instance.[2]

---

2

The two other triggering dates codified in 28 U.S.C. 2244(d) have no application in this instance. First, 28 U.S.C. 2244(d)(1)(B) provides that the one year period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." There is no evidence that the State of Arkansas created any kind of impediment to Cridge's filing of a petition pursuant to 28 U.S.C. 2254.

Second, 28 U.S.C. 2244(d)(1)(C) provides that the one year period shall run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The constitutional rights asserted by Cridge were recognized by the United States Supreme Court well before the day he pleaded guilty.

The first possible triggering date is found in 28 U.S.C. 2244(d)(1)(A), which provides that the one year period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Cridge maintains that the judgment in CR-2009-442 did not become final until April of 2014, that being, the month in which the state Supreme Court dismissed the appeal of his petition for declaratory judgment and writ of mandamus challenging the ADC's application of the "seventy percent rule" to his sentence.

Cridge's reliance upon 28 U.S.C. 2244(d)(1)(A) is well off the mark. His conviction in CR-2009-442 became final in May of 2010 when he pleaded guilty. His petition for declaratory judgment and writ of mandamus filed three years later was not a collateral attack on his sentence but was instead a challenge to the ADC's application of the "seventy percent rule" to his sentence.[3] The undersigned assumes, though, that he did not know at the time of his sentencing the rule would be applied to the sentence.

The second possible triggering date is found in 28 U.S.C. 2244(d)(1)(D), which provides that the one year period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The factual predicate of a claim or claims constitute the vital facts underlying the claims. See Earl v. Fabian, 556 F.3d 717 (8th Cir. 2009).

---

[3] It cannot be said that the State of Arkansas re-opened the review process for Cridge's conviction in CR-2009-442 by merely entertaining his petition for declaratory judgment and petition for writ of mandamus. See Jimenez v. Quarterman, 555 U.S. 113 (2009) (judgment not final where state court re-opens direct review by granting right to file out-of-time direct appeal during state collateral review).

By what date can it be said that Cridge knew or should have known of the factual predicate of his claims? Hobbs maintains that the date was in December of 2010 because that was the month in which Cridge received a time card reflecting the application of the "seventy percent rule" to his sentence in CR-2009-442. The undersigned agrees. Although the record does not contain a copy of the December of 2010 time card, Cridge acknowledges that the time card given him that month was identical to the one he received in August of 2011, see Document 10 at 4, a copy of which is in the record, see Document 2, Addendum 13. The time card apprised him of the offense, the class of felony, the docket number, the county from which the sentence arose, the total sentence imposed by the state trial court, the jail time he was credited with, and, most importantly, he would be required to serve seventy percent of his 240 month sentence before being eligible for parole/transfer. It is true that the time card did not contain a citation to Ark. Code Ann. 16-93-611, but the undersigned knows of no requirement that the time card contain such a citation. Because Cridge knew or should have known of the factual predicate of his claims by December of 2010, he had until December of 2011 to file a petition pursuant to 28 U.S.C. 2254 challenging the ADC's application of the "seventy percent rule" to his sentence. He filed the petition at bar in June of 2014, or roughly three and one-half years after the commencement of the one year period.[4]

---

[4]

Assuming, arguendo, that Cridge did not learn of the factual predicate of his claims until August of 2011, the month he received the time card contained in the record, the result would be the same. He would have had until August of 2012 to file his petition. He did not file the petition at bar until June of 2014, or almost three years after the commencement of the one year period in August of 2011.

28 U.S.C. 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief or other collateral review is pending shall not be counted toward the one year period. Cridge's petition for declaratory judgment and writ of mandamus challenging the ADC's application of the "seventy percent rule" to his sentence in CR-2009-442 did nothing to toll the one year period. The petition/writ was not an application for post-conviction relief or other collateral review, and it was not filed until April of 2013, or roughly two and one-half years after the commencement of the one year period.[5] The petition at bar is therefore barred by limitations unless Cridge can show some reason for excusing his delay in filing the petition.

For Cridge to benefit from equitable tolling, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" See Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007) [quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)]. The application of the equitable tolling doctrine is proper only when "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time,'" see Id. [quoting Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000)], and it is "an exceedingly narrow window of relief,'" see Id. at 428 [quoting Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005)].

---

[5] Assuming, arguendo, that Cridge did not learn of the factual predicate of his claims until August of 2011, the month he received the time card contained in the record, the result would be the same. He would have had until August of 2012 to file his petition. He did not file his petition for declaratory judgment and writ of mandamus until April of 2013, or almost twenty months after the commencement of the one year period in August of 2011.

Liberally construing Cridge's <u>pro se</u> submissions, he maintains that he has diligently researched the "seventy percent rule" and only recently learned that its application violated his constitutional rights. Although the undersigned appreciates his efforts, it cannot be said that his lack of knowledge was an extraordinary circumstance standing in his way and preventing him from filing a timely petition.[6]

The undersigned finds that Cridge filed the petition at bar after the expiration of the one year period. Because he has offered no justification for tolling that period, his petition is barred by limitations and should be dismissed. The undersigned therefore recommends that Hobbs' motion to dismiss be granted, Cridge's petition be dismissed, all requested relief be denied, judgment be entered for Hobbs, and a certificate of appealabilty be denied.

DATED this ____9____ day of September, 2014.


_____
UNITED STATES MAGISTRATE JUDGE

---

[6]

Actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254, but the assertion of actual innocence must be supported by newly discovered evidence. <u>See</u> <u>McQuiggin v. Perkins</u>, 569 U.S. —, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013). <u>See</u> <u>also</u> <u>Williams v. Hobbs</u>, 509 Fed.Appx. 558 (8th Cir. 2013). Cridge does not maintain he is actually innocent of the offense in CR-2009-442; rather, his challenge is to the manner in which his sentence is being administered.